Robert Joseph Benge No. 137719
__Name and Prisoner/Booking Number__
ASPC-Florence/East Unit
__Place of Confinement__
PO Box 5000
__Mailing Address__
Florence, Arizona 85132
__City, State, Zip Code__

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ✓   LODGED
RECEIVED   COPY

AUG 02 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRLWP S4_
(Rule Number/Section)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Robert Joseph Benge.
__(Full Name of Plaintiff)__

Plaintiff,

v.

(1) American Airlines,
__(Full Name of Defendant)__
(2) Doug Parker, CEO,
(3) Thomas M. Lyerla,
(4) Charles L. Ryan,

Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. **CV-19-04880-PHX-GMS--CDB**

(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**
"JURY TRIAL DEMANDED"

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☑ Other: Americans with Disabilities Act 42 U.S.C. § 12132

2.  Institution/city where violation occurred: Arizona Dep't of Corrections
    Phoenix, Arizona

A.   *Additional Defendants, 1-A*

(5)  Joseph Mellilo

(6)  Anthony Oliveri

(7)  Stacey Crabtree

(8)  Carson McWilliams

(9)  Ellen Kirschbaum

(10) Leovy de Guzman

## B. DEFENDANTS

1. Name of first Defendant: *American Airlines*
   as: *U.S. Corporation*      The first Defendant is employed at *Dallas, Texas*
        (Position and Title)                       (Institution)

2. Name of second Defendant: *Doug Parker*
   as: *Chief Executive Officer (CEO)* at *Dallas, Texas*    The second Defendant is employed as:
        (Position and Title)                       (Institution)

3. Name of third Defendant: *Thomas M. Lyerla*
   as: *Intergovernmental Liaison* at *ADOC Central Offices*    The third Defendant is employed
        (Position and Title)                       (Institution)

4. Name of fourth Defendant: *Charles L. Ryan*
   as: *Director* at *ADOC Central Offices*    The fourth Defendant is employed
        (Position and Title)                       (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? ___*4*___. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: *Benge* v. *Ryan, et al.,*
      2. Court and case number: *14-CV-00402-PHX-DGC (BSB)*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) *NO* *Case Settled on 02/14/2017, Undisclosed terms*

   b. Second prior lawsuit:
      1. Parties: *Benge* v. *Corizon Health et al.,*
      2. Court and case number: *18-CV-00349-PHX-GMS (CDB)*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) *yes* *Case Pending.*

   c. Third prior lawsuit:
      1. Parties: *Benge* v. *Ryan, et al.,*
      2. Court and case number: *18-CV-02544-PHX-GMS (CDB)*
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) *yes* *Case Pending.*

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

B.                    Additional Defendants  2-A

5. Name of fifth defendant Joseph Mellilo  is
   employed as Fugitive Investigator at  ADOC
   Central Offices  .

6. Name of sixth defendant Anthony Oliveri is
   employed as Parole Supervisor at ADOC Central

7. Name of Seventh defendant Stacey Crabtree
   is employed as Administrator  at ADOC
   Central Office  .

8. Name of Eighth defendant Carson McWilliams
   is employed as Division Director at ADOC
   Central Office .

9. Name of Ninth defendant Ellen Kirschbaum
   is employed as Executive Director  at ADOC
   Executive Clemency .

10. Name of Tenth defendant Leovy de Guzman
    Guzman is employed as Time Comp Supervisior
    at ADOC Central Office .

$$\left(2-\overset{A}{\cancel{B}}\right)$$

C.        <u>Previous Lawsuits</u>   2-B


D.  Fourth prior Lawsuit:
1. Parties: Benge v. Wexford Health, et al.
2. Court and Case number: U.S. District
Court, Phoenix, AZ / 19-CV-01187-PHX-GMS
(CDB).
3. Result: Case pending

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: *Fourth & Fourteenth Amendments,*

2. **Count I.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *American Airlines Inc and their (CEO) Doug Parker violated my Fourth and Fourteenth Amendments when on December 14, 2017 Arizona Dep't of Corrections Officer Thomas Lyerla was allowed to transport me from Raleigh, N.C. to Phoenix, AZ in full body restraints. The restraints involve my hands being closely handcuffed together, these handcuffs were connected to a 65,000 volt stun-belt running around my waist, and once on the plane before I sat down Mr. Lyerla shackle and chained my feet together. I was allowed to remain in these full restraints for a complete significant duration during the entire flight from Raleigh NC to Chicago, Illinois then from Chicago to Phoenix, AZ. My constitutional rights were violated as a result of a policy, decision, or custom promulgated and endorsed by American Airlines and it's (CEO) Doug Parker. Upon information and belief American Airlines is the only U.S. carrier that allows full restraints during flight. "See Continuation" →*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   *Due to having diabetes, and not being able to move around I was put at risk of developing blood clots in my legs, which could lead to a medical emergency given the restraints. Force to ~~defecate~~ defecated on myself, PTSD, embarrassment, emotional distress.*

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. *Administrative remedies would had been moot against these defendants in Count-I.*

Supporting Facts, Continuation 3-A
## COUNT I

I.

This policy is due to American Airlines CEO, Doug Parker's Financial Incentive motive in order to attract business from the Countless State & Local, County law enforcement agencies transporting prisoners by air on a daily weekly basis.

Furthermore, This policy allow Defendant Thomas Lyerla to save the state of Arizona several thousand dollars because being allowed to keep a prisoner in full restraints during flight in return allowed Defendant Lyerla to travel alone.

A direct violation of ("TSA") rules and policies for transporting prisoners.

I was never a safety risk to other passengers, least threatening non-violent crimes and pose no flight risk. Yet, I was subject to fullbody restraints during flight for a sign-ificant duration of many hours.

A jury could conclude that I was entitled to the minimum restraints necessary and that no restraints were required in this case especially during flight.

Supporting Facts, Continuation 3-B
COUNT-I

II.

American Airlines, and Doug Parker, CEO policy, decision, or custom on December 14th, 2017 clearly was a serious threat to my safety. This policy jeopardize my health given that I was diagnosed with a catastophic spinal cord injury. This policy increased the risk of making emergency medical care more difficult to administer to myself, it was a "barbaric" practice, unsafe and "medically hazardous".

I made my complaints to two flight Attendants in which they said it was American Airlines policies to remain in fullbody restraints during flight. American Airlines, CEO Doug Parker does not rigorously monitor the use of restraints, especially when it's been a part of their practice for a long time, and one Defendant Parker hasn't thought to scrutinize. Parker's culture was that his 'Company practices' were OK in the name of security, even when security wasn't an issue. In general, American Airlines, lost sight of humanity in the face of reflexive policies.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: Fourth, Fourteenth and Eighth Amendments to the U.S. Constitution.

2. **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail                    ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion       ☐ Retaliation
☒ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

On 12/01/2017 I was arrested in Archdale, N.C. on a ADC warrant for abscondering from parole in Arizona. On 12/14/2017 Defendant Thomas Lyeria, ADC Special Services Officer arrived at the Randolph County Jail in Asheboro N.C. to transport me back to Arizona "ADC" Custody. Thomas Lyeria violated my Fourth, Fourteenth and Eighth Amendment rights when he subject force me to fullbody restraints. These restraints involve my hands being closely handcuffed together the handcuffs were connected to a 65,000 volt stunbelt running around my waist. Once on the American Airlines flight from Raleigh, NC to Chicago Defendant Lyeria shackled and chained my legs together. He did the leg shackled restraints in the presents of other passengers both in Raleigh, NC and Chicago, Illinois. Mr. Lyeria, took no steps to conceal the legs restraints from other passengers and the others passengers were apt to think that I was a mad dog. This influence them against me. ~~Then was absolutely~~ "See Continuation" →

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

On 12/14/2017 Defendant Lyeria, repeatedly mention how he and other officers in the past used taser strikes on other prisoners as corporal inducement during transfers. via American Airlines. "See Continuation" 4-C →

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?          ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?          ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ADC staff wouldn't accept my appeal. I was the subject of retaliation.

4

Supporting Facts, Continuation 4-A
## COUNT II

I. Lyerla placed and removed the leg shackles in the sight of other passengers. There were never an adequate cause to use restraints or shackles as I was not violent or disruptive, and the fact that I signed a waiver freely, voluntarily and understandingly to return to Arizona. I had been deemed eligible for the Absconder Reduction Program (ARP) an alternative to a return to custody (ADC). I had agreed to return to Arizona in order to resolve the outstanding warrant and continue supervision, and in fact was in contact with (ADC) Community Corrections Supervisor. I was in prison for Fraud and served 19 years on a non-violent crime, never a management issue. I completed 19 months on Community Supervision with absolutely no police contact.
Therefore, I was entitled to the minimum restraints necessary and a jury could conclude that no restraints were required in this case.

II. On 12/14/2017 when Thomas Lyerla

Supporting Facts, Continuation 4-B
COUNT II

arrived at the Randolph County Jail he
proudly showed me, an old looking stun-
belt, then showed me the upgrade
(5,000 volt stunbelt and said that
his boss. Defendant Charles Ryan
requested that he use the new one
especially on me.
Defendant Ryan as Director of (ADC)
violated my Fourth, Fourteenth and
Eighth Amendments. Ryan also was
Financially motived by sending only
one person ("Lyeria") to transport me
back to Arizona from North Carolina.
Ryan had a policy, custom and a practice
in allowing his staff to travel solo
to transport prisoners, and allowing
them to use (5,000 volt stunbelts,)
handcuffs, leg shackles for 18 hours
duration as Corporal inducement in
order to comply with verbal orders.
Ryan had a duty to stop Lyeria from
punishing me all day on December
14, 2017, but instead allowed it to
continue as he authorized it.
Ryan as Director receives reports,
Outstanding warrants updates, and

Supporting Facts, Continuation 4-C
## COUNT II

waiver of extradition, reports and therefore Ryan had Knowledge of my confinement in N.C., pending transfer. His personal involvement and Lyerla personal involvement were motivated by evil motive, intent, or callous indifference to my protected rights.

III. Injury, Continuation,
## COUNT II

("Lyerla") Several times threaten to use the stunbelt taser on myself. He mention that there were times that he used stunbelt taser strikes "accidental" and "unintentional" on other prisoners, I took this as intentional. Due to such I was afraid to even request to use the bathroom, I not once used the bathroom all day on December 14, 2017. In fact once I was processed at the (ADC) reception center ASPC-Phoenix/Alhambra I had to put my clothing in the trash. I had defecated on myself during the flight from Chicago to Phoenix. Due to Defendants Ryan and Lyerla

Injury, Continuation 4-D

## COUNT II

Using unlawful, unnecessary, unreason-
able and excessive force, which
resulted in life-altering serious
psychological harm, exacerbated PTSD,
severe depression, trauma and physi-
cal, emotional damages that continue
even today. The restricted position
on the flight's caused me severe
neck and back, hip, leg pain which
lasted for several months.

IV. This type of humiliation and degrading
treatment constituted a clearly estab-
lished violation of my constitutional
rights. Being required to remain in an
uncomfortable position while restrained
by a waist belly "Stunbelt" handcuffs and
ankle restraints, for 18+ hours. Under the
"totality of circumstances" Lyerla under
Ryan's decision, policy, custom, practice
to transport myself in this manner
transgressed today's broad and idealistic
concepts of dignity, civilized standards,
humanity, and decency. These Defendants
must be required to file an answer
to Count II of this Complaint.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _First, Fourteenth, Eighth Amendments_

2.  **Count III.** Identify the issue involved. Check **only one.** State additional issues in separate counts.

    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☒ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    My first, Fourteenth and Eighth Amendments to the U.S. Constitution were violated by Defendants Charles Ryan, Anthony Oliveri and Joseph Mellilo as a result of a (ADC) policy, decision, or custom endorsed by the defendants. On October 2017 a warrant was issued against me by ADC for absconding from parole. On November 28, 2017 I contacted ADC Central Office from North Carolina, Central Office staff e-mail defendant Anthony Oliveri whom was supervisor of Phoenix Parole division. On 11/29/17 I spoke with (Oliveri) from my sister's house in North Carolina. He ask if I received his letter dated 11/14/2017, I had not as it was mailed to Foley, Alabama. Mr. Oliveri emailed me a copy per my own request in which I read for the first time on 11/29/2017. This letter read, ("ABSCONDER REDUCTION PROGRAM (ARP): Mr. Oliveri Advised me that I had an opportunity to resolve the outstanding warrant and continue supervision.

    "See Continuation" → 5-A

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

    I've suffered from trauma, PTSD, physical and emotional damages due to my return to custody, lack of adequate medical and mential Health care, economic lost having my new Jeep Cherokee ~~xxxxxxxxx~~ (repo, Pain/Suffering.

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☒ Yes    ☐ No

    b.  Did you submit a request for administrative relief on Count III?      ☒ Yes    ☐ No

    c.  Did you appeal your request for relief on Count III to the highest level?      ☒ Yes    ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

5

Supporting Facts, Continuation 5-A
COUNT III

I.

Mr. Oliveri's letter stated that my file and information had been reviewed for this program and I was deemed eligible. He stated in order to remain eligible for the (ARP): I must have no new arrest or pending charges prior to and/or while on abscond status. 2. Have no other warrants for my arrest. 3. Be amenable to comply with my conditions of supervision and terms of release. Although his letter said that I had 15 business days of the date of the letter (11/14/2017), I didn't receive it until (11/29/2017). I advise Mr. Oliveri that I wanted to be apart of the (ARP). He then e-mailed me telling me that time was the factor and my deadline was December 05, 2017. I called him on 11/30/2017 advising him that I would be in Phoenix, Arizona by the end of business @ 5:00pm on December 05, 2017. He was in agreement.

II. Mr. Oliveri spoke with me about my medical/health concerns and the injuries

Supporting Facts, Continuation 5-B
### COUNT III

that I received in ADC 'Spinal cord,' ect. On December 01, 2017 Defendant Joseph Mellilo Called me from ADC Central Office. He said that he was a fugitive investigator and confirmed my sister's address with me. I advised him that I had spoken with Mr. Oliveri and we agreed on myself returning to phoenix, ie (ARP) as an alternative to a return to custody. On Friday 12/01/2017 4:14pm (Mellilo) sent an email To: Kathryn Mata of the Archdale Police Dept, N.C. advising them to arrest me at my sister's house. Oliveri and Mellilo breached the 'Contract' that I made with them. I was arrested that evening at my sister's house, and held on the ADC parole warrant.

III. 00. Charles Ryan had a policy of retaliation. against prisoners whom have filed claims and been successful in Federal Court. He knew that defendants Oliveri, Mellilo did ~~and~~ effectively communicate with each other in this instance. Further it could be found that they did not properly respect my protected

Supporting Facts, Continuation 5-C
COUNT III

Due process rights with respect to their roles of retaliation against me. Ryan's policy or custom and practice of retaliation was the moving force behind the constitutional violations. He had knowledge of the (ARP) 'Contract' that I had agree to with defendant Oliveri, and/or As (ADC) Director, Ryan should had known or he had the capacity to have known. Once back in (ADC's) custody I was placed in segregation as retaliation for several months due to my past activism, being a prisoners rights advocate. I had reached my Flat Max End Date on my sentences on 08/21/2017 and charging me for absconding after that date, then arresting me on 12/01/2017 'was 'false arrest'.

A jury will agree that there is no community supervision after reaching my flat max end date.

These defendants should be required to file an answer to Count III of my complaint. Ryan, Oliveri, Mellilo all three breach the verbal, written contract made with me.

## D.   CAUSE OF ACTION

### COUNT IV

1.   State the constitutional or other federal civil right that was violated: First, Fourteenth, Eighth Amendments, and Fourth.

2.   **Count I.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☒ Retaliation

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

On October 26th, 2017 a warrant was issued by ADC Parole division for absconding from Community Supervision. I was arrested in North Carolina on December 1st, 2017 and return to Arizona on 12/14/2017. Upon my arrest on 12/01/2017 the ADC web-site show my flat maximum end date was August 21, 2017 on my longest term of 20 years, my Community Supervision End Date (CSED) (read 08/25/2018.) Defendant Charles Ryan as Director of ADC violated my First, Fourth, Eighth and Fourteenth Amendments as he has either deficient or nonexistent policies for processing, and releasing DOC inmates who are ultimately sentenced. I wrote him several inmate letters in which Defendants Carson McWilliams, Stacey Crabtree responded on Ryan's behalf. I advised all defendants that I reached my Plat Max term on all my sentences, and there is no Community Supervision beyond Flat max.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).   Due to the "overdetention" wrongfully Confinement" I have suffered PTSD, emotional and physical damages. This experience has been Kafkaesque. I've suffer a lost of my liberty and mental torment, pain and suffering.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?   ☒ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☒ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

8 (6)

Supporting Facts, Continuation 6-A
## COUNT IV

I. I wrote so many Inmate Letters that McWilliams, Crabtree warned me of disciplinary and return my letters stated already address. I was subject to countless state-wide transfer tours by being moved several times for un-known reason(s). On June 19, 2018 I moved from Tucson to Yuma and McWilliams, Crabtree, Ryan where at Lapaz Unit on a ("tour") having dinner waiting for my arrival. I refused to house at that Unit. Overnite I went to detention then was moved to Cocopah Unit, ASPC Yuma. I liked that Unit, but on 06/22/2018 I was moved back to ASPC-Tucson, then moved several more times within a few weeks.
Ryan, McWilliams advised Crabtree to change my release date from 08/09/18 to 08/09/2019 for no reason other than retaliation.

II. Crabtree and McWilliams wrote me a response explaining that at the time of my release on 04/25/2016 Time Comp had miscalculated my prison terms, therefore changed my release

Supporting Facts, Continuation 6-B
## COUNT IV

date. Defendant de Guzman as the Sentence Calculation Administrator changed my released date with her own personel Knowledge that it would cause harm, "Overdetention".

These defendants are expected to Know all laws, old and new.

Defendants Ryan, McWilliams, Crabtree de Guzman all have either deficient or nonexistent policies for processing and releasing DOC inmates who are ultimately sentenced. They also have an outdated data system for the "time computation" of inmates.

These defendants had no inherent authority to modify my sentence that was lawfully imposed. The ADC was "Conclusively Bound" by the sentencing Order, and they had no jurisdiction to extend/modify my sentence.

The defendants engaged in retaliatory actions, attempting to chill or silence me, (A person of ordinary firmness) from future First Amendment activities. The defendants should be required to file an answer to Count IV of this Complaint.

**COUNT ☑ V.**

1. State the constitutional or other federal civil right that was violated: *Fourth, Fourteenth, and Eighth Amendments, ADA Violation.*

2. **Count II.** Identify the issue involved. Check **only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: *Due Process (ADA)*

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 02/08/2018 I had a revocation parole hearing before the Arizona Board of Executive Clemency (ABOEC). I wrote a letter to, the Board c/o Defendant Ellen Kirschbaum requesting counsel and cross examine adverse witnesses, requesting to appear in person due to being legally blind. I also wrote Defendant Ryan requesting the same. My request were ignored due to ABOEC, Ryan and Kirschbaum's Policy, Custom, Practice of tucking a blind eye to ADA (eguestt's, Parole Violator's rights.) During the hearing, (via video) Board member Mr. Neal was sound asleep, especially during the voting. The Chairman called Mr. Neal several times) to no avail, only after his chair was shook did Mr. Neal wake up. After being coached by the chairman Mr. Neal took no position. The female board member also took no position, Hardly a reasonable basic for interferring with my fundelmental rights. I wrote Defendant McWilliams, Ryan, Kirschbaum immediately wrote all to absolutely no avail. "See Continuation" → 7A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I had a right to appear in person, to counsel and I've suffered PTSD, emotional and physical damages I suffered a lost of liberty, mental/torment pain and suffering by not getting a fair hearing.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count II? ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☑ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

(7)

Supporting Facts Continuation, 7-A
COUNT'-V

I. Ellen Kirschbaum, as (ABOEC) Executive Director had a duty to address my Complaint, Ryan, McWilliams also breached their duty owe to me. Nonetheless, all had a Callus disregard to my Due Process, ADA rights.
They all indicated that they had all Chosen a deliberate policy of not providing Centralized coordination to address my rights, Complaint and my grievance.
On October 24, 2018 I was afforded another Revocation Hearing in which my complaint was not address, and the (ABOEC) violated my Community Supervision. Left in limbo for 8 month was clearly a violation of my Due Process rights.
All defendant must be required to file an answer to Count V of this Complaint.

### E.  REQUEST FOR RELIEF

State the relief you are seeking:  *Plaintiff request that all defendant(s) be require to file an answer to his Complaint; Demands a Jury Trial. Award in his favor damages for physical, mental and emotional injuried suffered, as well as just compensation, punitive damages in an amount to be proven at trial by a jury, approved by the court. Also, request attorney fees, no set-off cost) by the state of Arizona.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _July 30, 2019_
DATE

_Robert J. Benge_
SIGNATURE OF PLAINTIFF

_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____

(Signature of attorney, if any)

_____

(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

(8)